**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 15, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

TC HULETT,

　　Plaintiff - Appellant,

v.

HANNAH FOSTER; NATHAN
STAVIG; JESSE VALDEZ; (FNU)
HUNN; (FNU) DRAKE; ADAM LEE
GARDNER; (FNU) CRISTENSEN;
JOHNSON COUNTY, KANSAS;
OLATHE, KANSAS BOOKING
CENTER,

　　Defendants - Appellees.

No. 26-3035
(D.C. No. 2:24-CV-02387-TC-ADM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TYMKOVICH**, **PHILLIPS**, and **FEDERICO**, Circuit Judges.

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially help determine this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

After being arrested for causing a disturbance at a public library, TC Hulett Jr., proceeding pro se,[1] sued the law-enforcement officers and medical technicians involved in his arrest, as well as the Olathe Booking Center and Johnson County, Kansas. The district court dismissed the case and entered judgment for the defendants. Hulett then filed three post-judgment motions seeking relief from the judgment and asking for additional time to appeal. The court denied those motions. Hulett now appeals.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. Hulett does not show that the district court abused its discretion. We also deny Hulett's two "petitions." The first requests redundant relief. The second requests mediation, which is moot after our rejection of Hulett's appeal.

## BACKGROUND

### I.    Factual Background

In August 2022, Hulett went to a public library in Olathe, Kansas. He planned to read, study, and use library materials to work on a separate lawsuit. While sitting outside the library, Hulett saw law-enforcement officers arrest and detain another man. But officers soon arrested Hulett, too, after he allegedly said things like, "This is a free Nation!" R. at 11.

---

[1] Because Hulett proceeds pro se, we liberally construe his arguments but do not act as his advocate. *See Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023).

Hulett alleges that officers Adam Gardner, Jesse Valdez, and three others with unknown first names—Hunn, Drake, and Cristensen—took him "into a bounded area" in the library and "used excessive force and painfully contorted" his wrist and shoulder. *Id.* at 11. Those injuries allegedly caused Hulett to have a panic attack. And according to Hulett, those officers later collaborated to file a false police report that led to a criminal charge against him.

EMS also responded to Hulett's incident. According to Hulett, one EMS technician, Hannah Foster, "got mad and snatched" a blood-pressure cuff off his arm when he declined to sign a consent form. *Id.* at 10. Allegedly the other EMS technician, Nathan Stavig, threatened to call police when Hulett voiced his view of legal requirements about caring for patients and transporting them via ambulance. Hulett also claims that the two EMS technicians falsified his medical records to commit Medicare fraud. After Foster and Stavig transported Hulett to the hospital, Stavig allegedly made more false statements and "went and got security and laughed at" Hulett. *Id.*

## II.    Procedural History

Hulett, proceeding pro se, filed suit two years later. He sought money damages for a smattering of state statutory and tort claims, and for civil-rights violations under 42 U.S.C. § 1983. He claimed individual violations of his First, Fourth, and Fourteenth Amendment rights, and alleged theories of conspiracy, municipal liability, and failure to train and supervise.

3

The defendants moved to dismiss, arguing that Hulett hadn't served the defendants with notice of the lawsuit and, in any event, had failed to allege sufficient facts supporting his claims.

The district court agreed and dismissed Hulett's claims. *Hulett v. Foster*, No. 24-cv-02387, 2025 WL 3288312, at *4–5, 11 (D. Kan. Nov. 26, 2025). It held that Hulett's service-of-process defects alone justified dismissing his claims against the individual defendants, but also that Hulett had failed to plausibly state claims against either the individual or government defendants. *Id.* at *3–11. The court entered judgment the same day.

Two months later, Hulett filed two post-judgment motions. The first sought relief from the judgment under Federal Rule of Civil Procedure 60 and additional time to appeal under Federal Rule of Appellate Procedure 4. He claimed that he had not received notice of the judgment's entry.[2] The second post-judgment motion sought more time to file a reply to the defendants' response to his first post-judgment motion.

In a single order, the district court denied both motions. *Hulett v. Foster*, No. 24-cv-02387, 2026 WL 632170, at *3 (D. Kan. Feb. 11, 2026). It held that Hulett was not entitled to an extension of time to file an appeal under Federal Rule of Appellate Procedure 4(a)(5), noting that he had made electronic filings

---

[2] Hulett also went ahead and appealed the judgment, but we dismissed for lack of jurisdiction. *See Hulett v. Foster*, No. 26-3012, Dkt. No. 18, at 3 (10th Cir. Mar. 26, 2026).

in other cases. *Id.* at *2. The court determined that Hulett had failed to show excusable neglect. *Id.* The court also rejected Hulett's request for relief from the judgment under Rule 60(b) because he didn't meet the rule's requirements. *Id.* It also held that Hulett wasn't entitled to post-judgment relief under Rule 60(d)(3), because he hadn't shown "fraud on the court." *Id.* Finally, the court denied Hulett's second motion as moot because his original motion "failed to justify any relief." *Id.* at *3.

Hulett then filed his third post-judgment motion. He argued that in denying his first post-judgment motion, the court had not addressed whether to extend the time to file an appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure.

The court denied that motion too. It reasoned that even if Hulett hadn't received a mailed notice of the judgment's entry, he should have known about it because he was making electronic filings in other cases during that period.

Hulett now appeals the district court's two post-judgment orders.

## DISCUSSION

On appeal, Hulett makes a series of arguments challenging the district court's two orders. But many of his arguments don't address the district court's decisions but rather stress the importance of Hulett's claims or suggest that issues are preserved for review.[3] Yet merely claiming that an issue is preserved

---

[3] Hulett also doesn't challenge the district court's Rule 60 analysis.

5

doesn't make it so. *See GeoMetWatch Corp. v. Behunin*, 38 F.4th 1183, 1206 (10th Cir. 2022) ("To preserve an issue for appeal, a party must alert the district court to the issue and seek a ruling." (citation modified)). In the challenged orders, the district court didn't rule on the issues Hulett claims are preserved. And so, because those arguments don't challenge the district court's decisions on his post-judgment motions, we reject them. *See In re Antrobus*, 563 F.3d 1092, 1098 (10th Cir. 2009). We address each of Hulett's remaining arguments in turn.

## I.    Federal Rule of Appellate Procedure 4(a)(5)

Hulett argues that the district court erred by denying him more time to file an appeal under Rule 4(a)(5). He accuses the court of "bas[ing] its ruling on a clearly erroneous view of the facts" because, though he filed other documents in other cases, he lacked reliable access to the online docket so he could not "monitor all cases consistently and respond on time in every matter." Open. Br. at 27–28.

We review the denial of a Rule 4(a)(5) motion for abuse of discretion. *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004). That means we won't disturb the district court's ruling unless we have a "definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* (citation omitted).

Typically, an appellant must file notice of appeal in a civil case "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P.

6

4(a)(1)(A); *see also* 28 U.S.C. § 2107(a). But a district court may extend that time if (1) "a party so moves no later than 30 days after the time prescribed by this Rule (4)(a) expires" and (2) "that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A).

Though Hulett's motion was timely under Rule 4(a)(5), he does not show excusable neglect or good cause for not appealing on time. To start, he faults the district court for assuming he had stable internet access because he filed two documents in other cases during his window to appeal. But he doesn't explain why he was able to access the internet to file other documents but never used his "isolated" internet access to check his email or the docket in this case. Open. Br. at 28. So he never offered a satisfactory "reason for the delay." *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017).[4] And because Hulett doesn't argue or show that his delay was caused by a "situation in which there is no fault," he doesn't show good cause either. *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004) (citation modified). Thus the district court did not abuse its discretion by denying Hulett extra time to appeal.

## II.    Additional Time to File a Reply

Hulett contends that the district court abused its discretion by denying him additional time to file a reply to his first post-judgment motion. He claims

---

[4] Hulett also argues that he was "prejudiced" by a "nearly year-long dormant period" before the district court entered judgment, but prejudice to the moving party is not relevant to excusable-neglect analysis. *See Perez*, 847 F.3d at 1253.

that the district court ignored his communications with the court, defense counsel, and the clerk's office where he expressed his intent to file a reply.

We review for abuse of discretion a district court's denial of additional time to file a reply. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1193 (10th Cir. 1998). Here, the district court did not abuse its discretion when denying Hulett's motion for additional time to file a reply. The court denied his motion as moot because "his original motion failed to justify any relief." *Hulett*, 2026 WL 632170, at *3.

"An issue becomes moot when it becomes impossible for the court to grant any effectual relief whatsoever on that issue to a prevailing party." *Smith v. Plati*, 258 F.3d 1167, 1179 (10th Cir. 2001) (citation modified). Granting Hulett's motion wouldn't remedy anything because issues raised for the first time in a reply brief are "generally deemed waived." *Wheeler v. Comm'r.*, 521 F.3d 1289, 1291 (10th Cir. 2008). The same is true in the District of Kansas, where Hulett filed his suit. *See, e.g.*, *Atlas Aerospace LLC v. Advanced Transp., Inc.*, 12-1200, 2013 WL 1767943, at *3 (D. Kan. Apr. 24, 2013) ("[A] party is not entitled to raise new arguments in its reply brief."). So because the court concluded that Hulett's initial motions didn't persuade, it didn't abuse its discretion to deny him extra time to file a reply.

## III. Federal Rule of Appellate Procedure 4(a)(6)

Recall that, after the district court denied Hulett's first and second post-judgment motions, Hulett filed a third motion asking the court to amend its

8

order and reopen the time to appeal under Rule 4(a)(6). The court denied this motion, too. Again, Hulett argues that this holding was error because he didn't receive a copy of the judgment and didn't have stable internet access during the time to file a notice of appeal. He claims that his sporadic electronic filing in other cases doesn't mean he could have filed a notice of appeal earlier.

We review for abuse of discretion denials of Rule 4(a)(6) motions to reopen the time to appeal. *United States v. McKneely*, 519 F. App'x 517, 519 (10th Cir. 2013); *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 368 (6th Cir. 2007). Rule 4(a)(6) permits district courts to "reopen the time to file an appeal for a period of 14 days" but "only if" (1) the moving party didn't receive notice of the judgment's entry within 21 days, (2) the motion to reopen is filed within 180 days after judgment or within 14 days after the moving party receives the judgment, and (3) no party would be prejudiced. Rule 4(a)(6) is designed to give a party who "does not learn of the entry of judgment until the appeal time has run out" an "avenue for seeking to have the appeal time reopened." Wright & Miller's Federal Practice & Procedure § 3950.6 (5th ed. Apr. 2026).

The district court didn't abuse its discretion in denying Hulett's Rule 4(a)(6) motion. Hulett says that he didn't learn about the judgment until January 22, 2026. Though he filed his first post-judgment motion seeking Rule 4(a)(6) relief four days later, he says nothing about whether the defendants would be prejudiced by reopening the time to appeal. Instead, he argues that

9

*not* reopening the time to file the appeal prejudices *him*. That's not what the rule requires. *See* Fed. R. App. P. 4(a)(6)(C).

Regardless, Rule 4(a)(6) is permissive. That means that a "district court retains discretion to deny a Rule 4(a)(6) motion even where a movant has complied with all three express conditions." *Kuhn*, 498 F.3d at 369; *accord Arai v. Am. Bryce Ranches Inc.*, 316 F.3d 1066, 1069 (9th Cir. 2003). So even if Hulett met all of Rule 4(a)(6)'s requirements, the district court wouldn't necessarily have abused its discretion by denying the motion. And we see no indication that the court abused that discretion.

## IV.    Supplemental Notice and Mediation Access

On appeal, Hulett also filed two supplemental documents labeled "petitions." The first asks, among other things, that we ensure there are "procedural safeguards necessary to protect meaningful access to appellate review," and that we review Hulett's appeal on its merits. Dkt. No. 18 at 8. The second requests mediation under Federal Rule of Appellate Procedure 33 and Tenth Circuit Rule 33.1.

We deny both petitions. The first asks for superfluous relief. And we deny the second as moot because we reject his arguments on their merits.

10

## CONCLUSION

We affirm the district court's judgment and deny Hulett's two petitions.


Entered for the Court


Gregory A. Phillips
Circuit Judge